## CLAUS F. POGGENSEE V. WILLIAM FEDDERN.

FILED JANUARY 18, 1906.   No. 14,062.

1. **An** assignment of causes for trial made at the opening of a term, which does not fix a day certain for the trial of each cause, is generally provisional and subject to such changes as may be required to meet unforeseen contingencies, and attorneys and litigants are chargeable with notice of that fact.

2. **Trial**: ADVANCEMENT OF CAUSES. In the absence of special circumstances, a party has no right to complain because his case is advanced on the assignment as a result of a continuance of a case preceding it.

3. **Dismissal**: VACATING. Where neither the plaintiff nor his attorney are in attendance when the cause is reached for trial, a judgment of dismissal should not be set aside, in the absence of a showing of due diligence.

4. **Evidence** examined, and *held* insufficient to show due diligence.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE.  *Affirmed.*

*John Bridenbaugh,* for plaintiff in error.

*C. B. Willey, contra.*

ALBERT, C.

This is a proceeding in error brought to reverse a judgment of dismissal. The case was at issue, and was placed on the trial list for the March term of the district court for 1904. On the first day of the term the docket was called and causes assigned for trial; neither the plaintiff nor his attorney was present. Plaintiff's case stood fourth in the order of trial. On the second day of the term the cause next preceding plaintiff's was continued, which left plaintiff's standing third. On the fifth day plaintiff's cause was called for trial, but neither he nor his attorney was present. The trial proceeded in their absence and resulted in the judgment complained of. A

motion for a new trial was filed based on four grounds: (1) Irregularity, in that "said cause was assigned for trial, out of its turn, in the absence and without the knowledge or consent of the plaintiff or his attorney." The second and third grounds relate to misconduct of the attorney for the defendant, but are not supported by the record or evidence. (4) Surprise, in this, that "four other causes were marked for trial on the first call of the docket * * * and it was represented to plaintiff, himself being sick and under the doctor's care, and fully believing that this cause could not be reached during the week, and relying on the promise of defendant's counsel to notify plaintiff's attorney should said cause be assigned earlier than the second week, plaintiff was induced to not be in attendance in court and remained away," etc. The motion was overruled.

The first contention in this court is that the court erred in not fixing a day certain for the trial, and in support of that contention our attention is called to section 323 of the code, which provides that "the trial docket shall be made out by the clerk of the court at least 12 days before the first day of each term of the court, and the actions shall be set for particular days in the order in which the issues were made up, whether of law or of fact, and so arranged that the cases set for each day shall be tried as nearly as may be on that day." Assuming that a litigant has the right under the section quoted to have his cause set for trial on a particular day, there is nothing in the record to show that it was not thus set for trial. This section does not require that a case be tried on the particular day for which it is assigned, but, at most, that "the cases set for each shall be tried as nearly as may be on that day." Every practitioner knows that an assignment of cases for trial is seldom, if ever, carried out as made, because continuances, settlements and other unforeseen contingencies arise which compel a change. Such changes are to be expected, and, ordinarily, litigants and their attorneys are expected to be prepared for them.

The next contention is that the court erred in putting the cause on for trial out of its order, and without notice to the plaintiff. The cause was called for trial out of its order, only to the extent that it took the place of the one next preceding it when the latter was continued. As before intimated, the assignment was only provisional. The plaintiff and his attorney were bound to take notice of that fact, and that one or more of the preceding cases might be continued or, for some other reason, lose their place on the assignment. They had no right to assume that the assignment would be carried out to the letter, and absent themselves from the courtroom resting on that assumption.

The last contention is that the court erred in overruling the motion for a new trial. The affidavits in support of the motion, as well as those in opposition thereto, are preserved in the bill of exceptions. They show that neither the plaintiff nor his attorney was in attendance during the term, until after the case was tried; that, instead of taking the ordinary precautions to ascertain the state of the docket, they relied on mere assumptions and opinions, and upon information derived from no source upon which they had a right to rely. The charge in the motion that defendant's attorney had promised to notify counsel for plaintiff in case the cause was reached before the second week is wholly unsustained. The affidavits also show, we think, that the absence of plaintiff and his attorney from the trial was without any sufficient justification or excuse, and we think the motion was properly overruled. Much is said in this connection as to the duty of courts to see that justice is done in each case, and much that meets with our unqualified approval. But a court would take a narrow view of this duty that would require a defendant to attend, and pay counsel to attend, term after term, awaiting the convenience or whim of his adversary to go to trial. Besides, a court owes some duty to the public. It is to the interest of the public that the work of the courts be conducted with due expedition and with as little

expense as is consistent with a proper. discharge of their functions. This forbids that a jury should be kept in waiting day after day, merely because attorneys and litigants have not taken the trouble to inform themselves as to the state of the docket. Insistence upon the orderly conduct of public business occasionally works individual hardship, but the maxim of the greatest good to the greatest number fully justifies it.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.